H. Dale Langley, Jr. (*Pro Hac Vice* forthcoming)
Texas Bar No. 11918100
The Law Firm of H. Dale Langley, Jr., P.C.
1803 West Avenue
Austin, Texas 78701
Phone Number:  512-477-3830
Facsimile:  512-597-4775
Email:  dlangley@iptechlaw.com

Attorneys for Plaintiff
JPAULJONES, L.P., a Texas limited partnership

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JPAULJONES, L.P.,**<br><br>                    Plaintiff,<br><br>     v.<br><br>**PYLE AUDIO INC. and SOUND AROUND INC.,**<br><br><br><br>                    Defendant. | PATENT<br><br>Case No.  1:18-cv-10899<br><br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, JPaulJones, L.P., files this Original Complaint for Patent Infringement against Defendants, Pyle Audio Inc. and Sound Around Inc., and alleges as follows:

### I. Parties

1. Plaintiff JPaulJones, L.P. ("JPaulJones" or "Plaintiff") is a Texas limited partnership having a principal place of business at 7500 Rialto Blvd. Bldg. 1, Ste. 122, Austin, Texas 78735.

2. On information and belief, Defendant Pyle Audio Inc. ("Pyle Audio") is a New York corporation, having a principal office at 1600 63rd Street, Brooklyn, NY 11204, and may be served through its president, Mr. Abe Brach.

3. On information and belief, Defendant Sound Around Inc. ("Sound Around") is a

New York corporation, having a principal office at 1600 63rd Street, Brooklyn, NY 11204, and may be served through its chief executive officer, Zigmond Brach.

4. Pyle Audio and Sound Around are collectively referred to as "Defendants."

## II. Jurisdiction and Venue

5. This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and the New York Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein. Furthermore, Defendants are subject to this Court's specific and general personal jurisdiction because Defendants are New York corporations.

7. On information and belief, within this State and this District, Defendants have made, used and/or sold JPaulJones' patented inventions thereby committing and continuing to commit acts of patent infringement alleged herein. Further, on information and belief, Defendants have derived revenues from their infringing acts occurring within New York and the Southern District of New York. Moreover, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in New York and the Southern District of New York. Further, on information and belief, Defendants are subject to the Court's personal jurisdiction at least due to their sale of products and/or services within New York and the Southern District of New York. Defendants have committed such purposeful acts and/or transactions in New York and the

Southern District of New York such that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b). On information and belief, Defendants are incorporated in New York and have places of business within this District. On information and belief, from and within this District, Defendants have committed at least a portion of the infringements at issue in this case.

9. For these reasons, personal jurisdiction exists and venue is proper in this Court.

### III. Factual Background

10. JPaulJones owns all right, title and interest in United States Letters Patent No. 7,356,872 (the "'872 Patent") entitled "Automated Electronic Vacuum System and Method," which was duly and legally issued by the United States Patent & Trademark Office (PTO) on April 15, 2008 after full and fair examination. A copy of the '872 Patent is attached as Exhibit A.

11. Defendants are infringing and/or inducing others to infringe by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products or processes that practice one or more inventions claimed in the JPaulJones Patents.

12. Defendants have profited through infringement of the JPaulJones Patents. As a result of Defendants' unlawful infringement of the JPaulJones Patents, JPaulJones has suffered and will continue to suffer damage. JPaulJones is entitled to recover from Defendants the damages suffered by JPaulJones as a result of Defendants' unlawful acts.

13. On information and belief, Defendants have known of the JPaulJones Patents. JPaulJones hereby notifies Defendants of the JPaulJones Patents and demands that Defendants halt infringing activities.

14. On information and belief, Defendants continue and will continue their unlawful infringing activity, and JPaulJones continues and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful activity unless Defendants are enjoined by his Court.

## IV. Infringement of U.S. Patent No. 7,356,872 (the "'872 Patent")

15. JPaulJones hereby incorporates and realleges paragraphs 1 through 14 above as though fully set forth herein.

16. Claims 1, 2, 3, and 4 of the '872 Patent include systems for vacuuming a refuse on a surface, the systems contact and fit on the surface when in use for vacuuming. The systems include a housing with an inlet and an outlet, the inlet contacts the surface, a vacuum motor connected to the inlet and outlet, a light source connected to the housing, a light sensor connected to the housing to sense the light source, and a controller that controls the vacuum motor in response to the light source interrupted to the light sensor.

17. On information and belief, Defendants make, use, sell, offer to sell, and/or import in or into the United States a stationary vacuum product, identified at least as Pure Clean Smart Garbage Bin – Digital Can with Built-in Dirt Vacuum and Motion Sensor Lid (Model PKSVB18WT), that sits on a surface, such as a floor. The product includes a housing with an inlet and outlet, the inlet contacts the surface, a vacuum motor is connected to the inlet and outlet, a light source is connected to the housing, a light sensor is also connected to the housing to sense the light, and a controller controls the vacuum motor in response to interruption of the light source to the light sensor. Defendants' infringing product is shown and described in Exhibit B attached and incorporated herein.

18. Claims 8, 9 and 10 of the '872 Patent include methods of automated operation of

a vacuum device. The methods include providing a light sensor to a vacuum device, providing a light source to the vacuum device, the light source visible to the light sensor if not interrupted, positioning the vacuum device on a surface to be vacuumed, sensing an external event to the vacuum device adjacent the surface, and controlling power to the vacuum device for operating the vacuum device based on sensing.

19. On information and belief, Defendants make, use, sell, offer to sell, and/or import in or into the United States a stationary vacuum product, identified at least as Pure Clean Smart Garbage Bin – Digital Can with Built-in Dirt Vacuum and Motion Sensor Lid (Model PKSVB18WT), that sits on a surface, such as a floor, performing a method of automated operation including providing a light sensor to the vacuum product, providing a light source to the vacuum product, which light source is visible to the light sensor if not interrupted, positioning the vacuum product on the surface, sensing an external event to the vacuum device adjacent the surface, and controlling power to the vacuum based on sensing of the light source by the light sensor. The infringing method of Defendants' product is shown and described in Exhibit B attached and incorporated herein.

20. Defendants, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, systems and methods under inventions claimed in the '872 Patent, have directly or indirectly infringed (by contributory infringement and/or inducement of infringement), and are continuing to infringe, directly or indirectly, at least claims 1, 2, 3, 4, 8, 9 and 10 of the '872 Patent in this district and/or otherwise within the United States.

21. Defendant have had knowledge of the '872 Patent, and has not ceased its infringing activities.

22. Defendants' infringement of the '872 Patent has been and continues to be willful


and deliberate.

23. As a direct and proximate consequence of the acts and practices of Defendants in infringing, directly and/or indirectly, one or more claims of the '872 Patent, JPaulJones has been, is being and, unless such acts and practices are enjoined by this Court, will continue to be injured in its business and property rights.

24. As a direct and proximate consequence of the acts and practices of Defendants in infringing, directly and/or indirectly, one or more claims of the '872 Patent, JPaulJones has suffered, is suffering, and will continue to suffer injury and damages for which JPaulJones is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

25. By reason of the infringing acts and practices of Defendants, Defendants have also caused, are causing and, unless such acts and practices are enjoined by this Court, will continue to cause immediate and irreparable harm to JPaulJones for which there is no adequate remedy at law, and for which JPaulJones is entitled to injunctive relief under 35 U.S.C. § 283.

## V. Prayer for Relief

JPaulJones prays for the following relief against Defendants, Pyle Audio Inc. and Sound Around Inc., jointly and severally:

a. A judgment that Defendants have infringed, directly and indirectly, the '872 Patent;

b. A judgment and order preliminarily and permanently enjoining Defendants, their employees and agents, and any other person(s) in active concert or participation with them from infringing, directly or indirectly, the '872 Patent;

c. A judgment and order requiring Defendants to pay JPaulJones damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict

      infringement up until entry of the final judgment with an accounting as needed;

d.     An award of all costs of this action, including attorneys' fees and interest; and

e.     Such other and further relief as the Court deems just and equitable.

### VI. Demand for Jury Trial

JPaulJones hereby demands that all issues be determined by a jury.

Respectfully submitted,

/s/ H. Dale Langley, Jr
H. Dale Langley, Jr. (*Pro Hac Vice* forthcoming)
Texas Bar No. 11918100
The Law Firm of H. Dale Langley, Jr., P.C.
1803 West Avenue
Austin, Texas 78701
Phone Number:  512-477-3830
Facsimile:  512-597-4775
Email:  dlangley@iptechlaw.com

**ATTORNEYS FOR PLAINTIFF
JPAULJONES, L.P.**

DATED: November 21, 2018